UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-07962-AH-(MARx) | Date | December 15, 2025 |
| Title | *Ethelbert Clay Sr. v. General Motors, LLC* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (DKT. No. 16) [JS-6]

Before the Court is Plaintiff Ethelbert Clay Sr.'s ("Plaintiff") Motion to Remand ("Motion"). Dkt. No. 16. Defendant General Motors LLC ("Defendant") opposed. Dkt. No. 19. Plaintiff replied. Dkt. No. 20. The Court deems the Motion appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the following reasons, the Court GRANTS the Motion.

I.   BACKGROUND

According to Plaintiff's Complaint, Plaintiff purchased a motor vehicle manufactured and/or distributed by Defendant ("Vehicle") on or around May 9, 2021. First Am. Compl. ("FAC") ¶ 9, Dkt. No. 1-2. In connection with the purchase, Plaintiff received various express warranties. *Id.* ¶ 11. During Plaintiff's ownership of the Vehicle, it allegedly manifested an electrical defect covered by the warranties. *Id.* ¶ 12. Plaintiff delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but the Vehicle allegedly was not serviced or repaired to conform to the applicable express warranties after a reasonable number of opportunities to do so. *Id.* ¶¶ 13–14.

Based on these allegations, Plaintiff claims violations of the Song-Beverly Consumer Warranty Act ("SBA"), California Civil Code §§ 1791.1, 1793.2, 1794, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312, violation of the Uniform Commercial Code, and violation of the Consumer Legal Remedies Act, California Civil Code § 1750, *et seq*. *See generally id*. Plaintiff commenced this action in the Los Angeles County Superior Court on February 7, 2025, and filed the FAC on April 1, 2025. *See* Notice of Removal ("NOR") at 2, Dkt. No. 1. Defendant filed an answer on June 20, 2025. Answer, Dkt. No. 1-3.

On August 22, 2025, Defendant removed this action based on diversity jurisdiction, 28 U.S.C. § 1332. *See generally* NOR. Plaintiff filed this Motion to remand on November 7, 2025. Dkt. No. 16.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation modified). "Any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation modified).

## III.   DISCUSSION

Plaintiff does not dispute the complete diversity of the parties.[1] Opp'n at 4. Plaintiff argues that Defendant has not established by a preponderance of evidence

---

[1] Defendant is incorporated in Delaware and has its principal place of business in Michigan. NOR at 3. Plaintiff is a resident of Escondido, California. FAC ¶ 2.

that the amount in controversy exceeds the jurisdictional threshold of $75,000. Mot. at 5.  Defendant argues the amount in controversy exceeds $75,000 when considering actual damages, civil penalties, and attorney's fees.[2]  Opp'n at 4.

### A. Actual Damages

The SBA permits actual damages in the form of restitution "in an amount equal to the actual price paid by the buyer," less the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle" for repair. Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  "The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the . . . repair facility for correction of the problem."  *Id.* § 1793.2(d)(2)(C).  "The Ninth Circuit has explained that 'consideration of the [u]se [o]ffset [is] appropriate' in determining the amount in controversy because 'an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable.'" *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (quoting *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018)) (alterations in original).  In addition, amendments to the SBA that took effect January 1, 2025, provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs.  Cal. Civ. Code § 871.27(b)–(d), (f).  "California courts have held that actual price paid or payable, includes all amounts plaintiffs become legally obligated to pay when they agreed to buy the vehicle."  *Godoy v. Jaguar Land Rover N. Am., LLC*, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38 (2000)) (citation modified).

Here, the total purchase price of the Vehicle was $34,250.37.  Garbuzov Decl., Ex. A, Dkt. No. 19-2.  The Vehicle had 4,594 miles when Plaintiff purchased it and 17,842 miles when Plaintiff first presented the Vehicle to a dealership for

---

[2] Under the SBA, the threshold is $75,000 for diversity jurisdiction; under the MMWA, the threshold is $50,000.  However, Defendant does not address the amount in controversy under the MMWA and only focuses on establishing an amount in controversy exceeding $75,000 for purposes of the SBA.  *See generally* Opp'n.

repair of the claimed defect, so Plaintiff traveled a total of 13,248 miles in the Vehicle. *See id.* ¶ 3, Ex. A, Ex. B., Dkt. No. 19-3. Dividing this number by 120,000 and multiplying this by the cash price of the Vehicle, $26,499.00, results in an estimated mileage offset of $2,925.49. *See id.* Ex. A; Opp'n at 5. Additionally, Defendant identified other offsets for optional third-party contracts, negative equity, and rebates amounting to a total of $10,590.00. Garbuzov Decl., Ex. A; Code Civ. Proc. § 871.27. Finally, Defendant estimated an unpaid financing offset of $7,797.60, the product of twenty monthly financing payments at a monthly rate of $389.88. Opp'n at 5–6. Defendant has therefore presented evidence that the actual damages at issue would be $20,734.88.

### B.   Civil Penalties

The SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages" if the defendant's violations are willful. Cal. Civil. Code § 1794(c). Although district courts have found that civil penalties should be included in the amount in controversy if pled in the Complaint, other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages." *See Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases). "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023).

Here, Defendant argues that "Plaintiff has done more than merely state that he is seeking civil penalties—he specifically alleges willfulness." Opp'n at 9. Indeed, Plaintiff's Complaint alleges Defendant's "failure to comply with its obligations under Civil Code section 1793.2(b) was willful" and seeks a "civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)." FAC ¶ 24. Defendant also asserts that Plaintiff presented the Vehicle for repair at least seven times and that based on Defendant's counsel's prior experience, plaintiffs pursue civil penalties when there are multiple repair presentations. *Id.*; *see* Garbuzov Decl. ¶ 9, Dkt. No. 19-1.

Plaintiff argues that Defendant is required to offer evidence of willfulness that might support an award of civil penalties. Mot. at 9. However, considering Plaintiff's concession that he seeks two times the actual damages and the history of multiple repairs, the Court finds that Defendant has sufficiently carried its burden to show that $41,469.76 in civil penalties is in controversy. Plaintiff also argues that civil penalties cannot be calculated because Defendant's estimate of actual damages is fatally speculative. Mot. at 10. However, as discussed above, the Court disagrees that the estimate of actual damages is speculative because Defendant presents evidence of the amount of actual damages based on the purchase agreement and its review of Plaintiff's repair history.

### C. Attorney's Fees

Plaintiffs who prevail on SBA claims may recover reasonable attorney's fees and costs. *See* Cal. Civ. Code § 1794(d). The amount in controversy includes "attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence" and must "make this showing with summary-judgment-type evidence." *Fritsch*, 899 F.3d at 795 (citation omitted). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Here, Defendant claims that based on its counsel's prior experience with fees sought by Plaintiff's counsel and recent demands in motions to remand, it estimates that Plaintiff will seek at least $33,300.00 in attorney's fees and at least $9,500 in costs. Opp'n at 10. Defendant submits a declaration from counsel providing estimates for past and expected work performed, hours, and billing rate, based on Defendant's belief that the case is "unlikely to resolve early." Garbuzov Decl. ¶¶ 7–8. Plaintiff argues that Defendant fails to carry its burden because it "fails to analogize the facts or circumstances of *this* case to any other *potentially* relevant cases." Reply at 9 (emphasis in original).

The Court agrees that without further explanation of why this case is factually or legally similar to other cases cited, an estimate of attorney's fees based on counsel's general experience with fees sought by Plaintiff's counsel is insufficient to meet Defendant's burden of proof. *See, e.g.*, *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) ("All that Defendants claim

is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases.") (citation modified). Specifically, Defendant does not explain why this case is comparable to the "dozens of recent motions to remand" alluded to in justifying the estimated attorney's fees. *See* Opp'n at 10.  Further, while Defendant provides a breakdown of anticipated work to be performed, including discovery and dispositive motion practice, Defendant offers no support for its assertion that the case is "unlikely to resolve early." *See Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *4 (C.D. Cal. Nov. 13, 2025) ("Even if fees recovered or sought in other SBA cases present competent evidence of counsel's rates, they do not provide probative evidence of the hours that might reasonably be expended in this case, which almost certainly will settle well before trial."). Defendant therefore has not established by a preponderance of evidence the attorney's fees in this case.

Without attorney's fees, the damages shown by a preponderance of evidence in this case are the sum of the estimated actual damages of $20,734.88 and the estimated civil penalties of $41,469.76, totaling $62,204.64.  As this amount does not exceed $75,000, Defendant has not established that the amount in controversy meets the jurisdictional threshold.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand.  The case is remanded to the Superior Court of the State of California for the County of Los Angeles.  All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**